UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

                  Plaintiff,

v.

ASEN DESHEV, *et al.*,

                  Defendants.

Case No. C18-1053-JCC-JPD

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND AN EXTENSION OF TIME

Plaintiff brings this civil rights action under 42 U.S.C. § 1983. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*. The present matter comes before the Court on plaintiff's motion for appointment of counsel, and an extension of time to respond to defendants' motion for summary judgment. Dkt. 21. After careful consideration of the motion, the governing law, and the balance of the record, the Court ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel, Dkt. 21, is DENIED. No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), this Court has the discretion to appoint counsel for indigent litigants proceeding *in forma pauperis*. *United States*

ORDER
PAGE - 1

*v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). The Court may appoint counsel only on a showing of "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

Here, the Court finds that plaintiff has failed to demonstrate that exceptional circumstances warrant the appointment of counsel at this time. To date, plaintiff has yet to offer evidence to suggest that this case is likely to succeed on the merits. In addition, it is not clear that plaintiff is unable to articulate the legal and factual bases of his claims.

Accordingly, the Court concludes that appointment of counsel is not appropriate at this time. Plaintiff will be free to move for appointment of counsel, if necessary, at a later date.

(2) In addition, although defendants stipulated to plaintiff's request for a thirty-day extension of time to respond to the pending motion for summary judgment, Dkt. 22, plaintiff nevertheless filed his response to the dispositive motion on December 6, 2016. Dkt. 23. Thus, plaintiff's assertions that he "absolutely cannot provide a response to the court by December 14, 2018" because staff at the jail declined to provide him with sufficient writing paper must no longer be true. As a result, plaintiff's request for an extension of time to respond to the motion, or alternatively, an injunction to obtain correspondence supplies and law library access to complete his response, is DENIED as MOOT.

(3) The Clerk is directed to send a copy of this Order to plaintiff and to the Honorable John C. Coughenour.

DATED this 11th day of December, 2019.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE - 3